2015 VT 54

**In re PRB DOCKET NO. 2013.160**

[118 A.3d 523]

No. 15-110

¶ 1. March 30, 2015. Upon review of the hearing panel decision in this matter, the Court concludes as follows: The decision presents a well-reasoned discussion and resolution of a problem common in legal practice, particularly for small firms and solo practitioners. Accordingly, the Court orders review of the decision on its own motion, adopts the hearing panel decision in its entirety as a final order of this Court, waives briefing and oral argument, and orders that the decision be published in the Vermont Reports.

STATE OF VERMONT
PROFESSIONAL RESPONSIBILITY
BOARD

In re PRB File No. 2013.160

Decision No. *186*

The parties have filed a Stipulation of Facts together with Recommended Conclusions of Law and a Recommendation for Sanctions. Respondent has waived certain procedural rights including the right to an evidentiary hearing. The panel accepts the stipulated facts and conclusions and orders that Respondent be admonished by Disciplinary Counsel for holding uncashed checks in the amount of $124,797.40 drawn on her trust account for a period of seven months in violation of Rule 1.15(a)(1) of the Vermont Rules of Professional Conduct.

**Facts**

Respondent was admitted to practice in Vermont in 1984. She has several trust accounts, one of which she uses for title insurance. When a client paid a title insurance premium, the funds were deposited to that account. After the policy was issued, a portion of the premium was paid to the title insurance company and a portion to the firm as its commission. This was the only use of this trust account.

Respondent was randomly selected for a compliance examination as part of Disciplinary Counsel's audit program. A certified public accountant performed the audit to determine Respondent's compliance with Rules 1.15 through 1.15B of the Vermont Rules of Professional Conduct.

The examination found that Respondent had an envelope of undeposited checks payable to the firm that had been written on her title insurance trust account. These checks, in the amount of $124,797.40, represented title insurance premiums due to the firm over a seven-month period. Respondent had deferred depositing the funds into her operating account to insure that there would be funds available to pay the firm's malpractice insurance premium and to fund the possible hiring of an associate.

Respondent knew that a lawyer could not deposit his or her own funds into a trust account, but it did not occur to her that failure to negotiate checks payable to the firm also resulted in commingling of her funds with those of third parties and violated the rule. When Respondent was told during the course of the examination that this was a violation, she immediately deposited the checks into her operation account and discontinued the practice.

No funds belonging to clients or third parties were improperly used and no client or third party was injured as a result of this violation.

The following mitigating factors are present: Respondent had no selfish or

dishonest motive; she has no prior disciplinary record; she has made a good faith effort to rectify the consequences of the violation; she made a full and free disclosure to Disciplinary Counsel; she has cooperated with the disciplinary proceedings and is remorseful. The only aggravating factor is her substantial experience in the practice of law.

## Conclusion of Law

Rule 1.15(a)(1) of the Rules of Professional Conduct provides that "[a] lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property." Respondent's practice of holding checks payable to her firm for premiums owed to the firm without cashing the checks resulted in commingling of her funds with those of a third party in violation of this rule.

## Sanction

The panel accepts the recommendation of the parties for admonition by Disciplinary Counsel. This is consistent with both the ABA Standards for Imposing Lawyer Sanctions and previous panel decisions.

Section 4.14 of the ABA Standards provides that "[a]dmonition is generally appropriate when a lawyer is negligent in dealing with client property and causes little or no actual or potential injury to a client." Respondent had no intent to violate the rule, but was negligent in not recognizing that her failure to deposit checks payable to the firm resulted in her funds being commingled with those of a third party. There was no injury to any client or third party and little potential for injury.

In addition there are a number of mitigating factors. Respondent had no selfish or dishonest motive, ABA Standards § 9.32(b), she has no prior disciplinary record, ABA Standards § 9.32(a), she has made a good faith effort to rectify the consequences of the violation, ABA Standards § 9.32(d), she made a full and free disclosure to Disciplinary Counsel and has cooperated with the disciplinary proceedings, ABA Standards § 9.32(e), and is remorseful, ABA Standards § 9.32(l). The only aggravating factor is her substantial experience in the practice of law, ABA Standards § 9.22(i), which is not enough to outweigh the mitigating factors and suggest a more severe sanction.

Admonition is also consistent with a number of recent cases in which the misconduct is brought to light by the random trust account audit program conducted by Disciplinary Counsel. In each of these cases, the attorney was negligent in failing to follow the trust account rules; there was no actual harm and little potential for harm and in each case there are substantial mitigating factors similar to what we find in the present case. In *In re PRB Decision No. 181* (2014), the attorney failed to notify clients of receipts and disbursements from his trust account, a violation of Rule 1.15(a)(1). In *In re PRB Decision No. 175* (2014), the attorney failed to maintain a running balance for each client, failed to maintain a single source for all trust account activity and failed to have appropriate documentation for checks written on the trust account, in violation of Rule 1.15A(a). In *In re PRB Decision No 115* (2008), the attorney's poor bookkeeping practices resulted in commingling of funds.

This case is also similar to admonition cases in which the attorney failed to confirm a wire deposit or bank transfer in a real estate transaction, thus resulting in a trust account overdraft. See *In re PRB Decision No. 173* (2014) and *In re PRB Decision No. 172* (2014). Both cases arose out of neglect. There was no actual harm and little potential for harm, and as in the present case, the attorneys corrected the errors as soon as they were discovered.

Admonition by Disciplinary Counsel is consistent with these cases.

## Order

Based upon the foregoing, we order that Respondent be admonished by Disciplinary Counsel for violation of Rule 1.15(a)(1) of the Vermont Rules of Professional Conduct.